UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRSTMERIT BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13 C 5961 |
| v. ) | Judge Marvin E. Aspen |
| ) | |
| EMERALD PROPERTIES, LLC, an ) | |
| Illinois Limited Liability Company, ) | |
| DOMINIC J. NASO, and ) | |
| GREGORY J. NASO, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

MARVIN E. ASPEN, District Court Judge:

On September 6, 2013, Plaintiff filed a motion for the appointment of a receiver in this foreclosure action, which it noticed for September 19, 2013. On September 10, 2013, counsel for Defendants filed an appearance. At that time, Defendants' answers were not yet due, and no opposition to Plaintiff's motion had been filed. On September 12, 2013, we granted Plaintiff's motion and appointed a receiver.

**DISCUSSION**

Pursuant to Rule 60(b), we may alter or amend a prior order for "mistake, inadvertence, surprise, . . ." or "any other reason that justifies reason." Fed. R. Civ. P. 60(b)(1), (6). Here, Defendants contend that our order appointing the receiver includes two mistakes. Defendants first argue that, contrary to established Illinois law, our order did not require the receiver to post a bond. Second, Defendants argue that the order erroneously allows the receiver to collect rental payments that came due prior to the appointment. (Mot. at 4–6.) Defendants are correct.

### A. Bond Requirement

Pursuant to the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1705(b), a receiver may be required to post bond in accordance with 735 ILCS 5/2-415 when appointed. Section 2-415 requires the posting of bond except "when for good cause show, and upon notice and full hearing, the court is of the opinion that a receiver ought to be appointed without such bond." 735 ILCS 5/2-415(a); *see Iowa Structures Unlimited, Inc. v. First Nat'l Bank of Moline*, 99 Ill. App. 3d 180, 183–84, 425 N.E.2d 64, 67 (3rd Dist. 1981) ("[T]here must be a full hearing and good cause shown why the bond is waived."); *Steinwart v. Susman*, 94 Ill. App. 2d 471, 474–76, 238 N.E.2d 200, 202–03 (2d Dist. 1968) (explaining that an order waiving bond "must clearly indicate that the court was of the opinion that a receiver should be appointed without such bond, based upon facts shown in such order"). As Defendants point out, they did not have an opportunity to challenge Plaintiff's request for appointment of the receiver without bond, prior to our order. We neither held a hearing, nor required Plaintiff to articulate any particular reason for waiving the bond requirement. Accordingly, we amend our prior order and will require the receiver to post a reasonable bond sufficient to protect Defendants' interests. (*See* Reply at 4.)

The receiver must post the bond no later than November 15, 2013. In the meantime, the parties shall confer and agree on an appropriate amount for the bond. If the parties cannot agree on the amount of bond, they may file brief proposals no later than November 8, 2013.

### B.   Rental Payments

As for Defendants' second request, Plaintiff does not object to amendment of the September 12, 2013 order to clarify the receiver's right to receive rental payments. (Resp. ¶ 8.) Under Illinois law, a mortgagee "is not entitled to the rents until the mortgagee or a receiver appointed on the mortgagee's behalf has taken actual possession of the real estate after default." *Comerica Bank-Illinois v. Harris Bank Hinsdale*, 284 Ill. App. 3d 1030, 1035, 673 N.E.2d 380, 383 (1st Dist. 1996) (quoting *In re J.D. Monarch Dev. Co.*, 153 B.R. 829, 832 (Bankr. S.D. Ill.1993)). Plaintiffs concede that our order should indicate that the receiver is entitled to collect only rent that accrued on or after the date of the receiver's appointment. (Resp. ¶ 8.)

The parties also agree that the order should reflect that Defendants must turn over to the receiver any security deposits for the property. In light of the above, the parties shall submit a joint proposed amended order appointing receiver consistent with this order, on or by November 8, 2013.

### CONCLUSION

As discussed above, Defendants' motion is granted. The parties shall submit their proposed amended order no later than November 8, 2013. The receiver shall post an appropriate bond no later than November 15, 2013. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: November 1, 2013

-3-